# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

EZEKIEL DAVIS,                )
                              )
            Plaintiff,        )
                              )
       v.                     )         No. CIV-06-541-S
                              )
VALERIE WARD, et. al.,        )
                              )
            Defendants.       )

## ORDER

Plaintiff, Ezekiel Davis, an inmate in the custody of the Oklahoma Department of Corrections and housed at the Oklahoma State Penitentiary, appearing pro se, has filed with this court a civil rights complaint pursuant to 42 U.S.C. Sec. 1983.

On December 13, 2006, plaintiff filed his complaint alleging numerous civil rights violations. Plaintiff first alleges defendant Valerie Ward retaliated against him by serving him with a prison misconduct form and by other actions. He also alleges defendant Ward discriminated against him based on his race and that other prison officials failed to stop defendant Ward from retaliating and discriminating against him. He alleges that defendants deprived him of due process by refusing to expunge the misconduct for which he was found guilty, by threatening him with grievance restrictions, and by one prison employee's refusal to testify at his hearing. He also alleges the denial of his grievance violated his First Amendment rights, his Eighth Amendment rights, and his equal protection rights. Plaintiff also seeks punitive damages for these alleged violations.

The court finds the facts as follows.  Plaintiff is currently incarcerated at the Oklahoma State Penitentiary and is serving a life sentence for First Degree Murder.  On July 10, 2006, plaintiff was informed that some changes were being made in his job duties and his position at the prison kitchen. Plaintiff refused to perform the newly assigned job.  Plaintiff quit his job and insisted on being taken back to the unit rather than working.  The Department of Correction's classification and management policy provides that inmates must be demoted to earned credit level one when they refuse a job.  An offense report must then be prepared and a hearing must be provided.  In accordance with the Department of Corrections's policy, plaintiff was served with an offense report on July 20, 2006, for his refusal to work. The offense report gave him notice of the time, date, and place of the incident leading to the charges as well as a description of the offending behavior.  He was given the opportunity to obtain and present witness statements.  He received a copy of all evidence used.  The hearing was held on August 15, 2006, and plaintiff was found guilty of Individual Disruptive Behavior based on the two eye witnesses staff member's statements regarding his refusal to work and his behavior.  Plaintiff received a copy of the statement of the evidence relied upon as well as a statement of the reasons for the punishment imposed.

On August 15, 2006, plaintiff sent correspondence regarding his misconduct conviction to the Department of Corrections Director's Designee in the Administrative Unit.  Because this correspondence did not constitute an appeal of his conviction, the Director designee explained to plaintiff how to appeal.  On September 26, 2006, plaintiff sent an appeal of his misconduct conviction to the facility head.  The appeal was denied.  On December 4, 2006, plaintiff attempted to appeal the Warden's

decision to the Director's designee.  The appeal did not comply with the requirements for filing an appeal because it was submitted with too many attachments and it failed to include the warden's decision.  Thus, it was rejected.  The Director's Designee again instructed plaintiff on the proper way to file an appeal.  On January 26, 2007, plaintiff re-submitted an appeal which still failed to comply with policy.  It was again rejected and the Director's Designee again explained how to file a correct appeal.  Plaintiff failed to take further action. He never followed the instructions and submitted a proper appeal of his disciplinary proceedings.

On August 14, 2006, the warden's office received a grievance from plaintiff in which he complained about his earned credit level being demoted after he refused to work, complained about being charged with the misconduct, complained that Valerie Ward had retaliated against him and racially discriminated against him and complained of other events.  The Administrative Review Unit assigned grievance number 06-1853 to this grievance.  The warden's office rejected this grievance as improperly filed and returned it to plaintiff.  Plaintiff appealed the rejection of this grievance to the Administrative Review Authority and that office rejected the grievance appeal as failing to comply with policy for numerous reasons, including that he had too many issues in the grievance appeal and that the grievance was duplicative.  Because he failed to properly file his grievance appeal to the Administrative Review Authority, plaintiff failed to exhaust his administrative remedies for the issues contained in grievance 06-1853.

On August 23, 2006, plaintiff filed a grievance asserting some of the same issues asserted in 06-1853.  He asserted that

3

Ms. Ward was racially profiling, that he should have his earned credit level restored, and other related issues. He also asserted medical issues. The Administrative Review Unit assigned grievance number 06-1854 to this grievance. The warden responded and stated that plaintiff claimed that he had requested a medical lay-in because his hands and feet were swollen, but the medical records from the relevant date did not support his claim that his hands and feet were swollen. The warden further stated the mail logs disputed plaintiff's claim that he had sent requests to staff via certified mail to defendants Ward and Standiford. Plaintiff appealed the response to the Director's Designee who rejected the grievance appeal. Plaintiff's appeal failed to comply with the grievance policy in seven ways which included no formal action, or a Request to Staff response, out of time from the date of the incident, was not legibly written in blue or black ink, and more than one issue included in the grievance. Because he failed to properly file his grievance appeal to the Administrative Review Authority, plaintiff failed to exhaust his administrative remedies for the issues contained in grievance 06-1854. Further, according to Mike Murray, Nurse Manager in Department of Corrections Medical Services headquarters, that office has received no grievance appeals from plaintiff. Filing a grievance appeal to that office is the final step in exhausting administrative remedies for medical issues.

To exhaust administrative remedies pursuant to DOC's grievance procedure for all claims, a prisoner within DOC's custody is required to properly and timely file for each claim: 1) a request to staff, 2) a grievance to the facility head, and 3) an appeal of the facility head's response to the administrative review authority (or to the medical services administrator for medical issues.) An inmate has not exhausted

his available administrative remedies until he properly and timely files a grievance appeal to the administrative review authority and receives a response from that official.

A plaintiff is required to exhaust each claim prior to bringing litigation. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In <u>Wright</u>, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or

some other wrong.)

After careful review, the court finds the plaintiff has failed to make any viable argument that he has exhausted the administrative remedies available as to his claims. To exhaust his administrative remedies pursuant to DOC's grievance procedures, a prisoner within DOC's custody is required not only to file a grievance regarding each issue to the facility head but to properly appeal the facility's grievance response to each of those issues to the Administrative Review Authority. Plaintiff failed to properly appeal his disciplinary conviction even though the procedure for doing so was explained to him several times. Further, plaintiff failed to complete the process in relation to grievance 06-1853 and 06-1854. Accordingly, he has cited no authority or facts to demonstrate he was denied access to those administrative procedures. Plaintiff simply failed to exhaust his administrative remedies.

The court finds the allegations made in plaintiff's complaint should be dismissed pursuant to 42 U.S.C. Sec. 1997e (a) for failure to exhaust his administrative remedies Defendants' motion to dismiss is hereby **GRANTED.** Accordingly, this action is, in all respects, **DISMISSED.**

**IT IS SO ORDERED** this 13th day of September, 2007.

Frank H. Seay
United States District Judge